**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 1:21-cr-00569-TNM** |
| **JESSE R. BENTON** | |
| **Defendant.** | |

**UNITED STATES' MOTION FOR NOTICE AND DISCOVERY RELATING TO ADVICE OF COUNSEL DEFENSE**

The United States, through undersigned counsel, respectfully moves this Court for an order requiring the Defendant to: (1) identify any attorney or other person whose advice the Defendant intends to rely on as part of an advice of counsel defense to the charges alleged in the indictment; and (2) produce any discovery concerning this defense. To avoid unnecessary surprise for the Court and counsel during trial, and to promote an efficient presentation of the evidence, the Government requests that any discovery concerning the Defendant's advice of counsel defense be turned over within thirty days of the Court's order and that any issues related to a potential advice of counsel defense be addressed no later than the date of the pretrial conference.

**BACKGROUND**

On September 9, 2021, a federal grand jury sitting in the District of Columbia returned an indictment charging Jesse R. Benton ("Defendant") with one count of 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 1519 (causing false records); 52 U.S.C. § 30121 (electoral contributions by foreign nationals); and 52 U.S.C. § 30122 (electoral contributions in the name of another).[1]

---

[1] Roy Douglas "Doug" Wead also was charged in the indictment for his role in the same conspiracy. However, Mr. Wead died on December 10, 2021. This Court entered an order abating the prosecution as to Mr. Wead only on December 23, 2021.

The Defendant was formally arraigned on September 20, 2021.  The Defendant's counsel, Mr. David Warrington and Mr. Michael Columbo, entered their notices of appearance on September 23, 2021, and September 24, 2021, respectively.  *See* Dkt. 13, 15.  The Government had already been working with Mr. Warrington and Mr. Columbo, as Mr. Warrington represented the Defendant as early as May 2022 following the execution of a search warrant on the Defendant's residence.[2]  Mr. Columbo was introduced as additional counsel for the Defendant in June 2022.

The Government has consistently been in contact with Mr. Warrington and Mr. Columbo about matters related to their representation of the Defendant.  For example, on September 14, 2021, the Government spoke with Mr. Warrington and Mr. Columbo on the phone to discuss the Defendant's arraignment and next steps, including potential trial dates.  The Government has also communicated with Mr. Warrington and Mr. Columbo about discovery, emailing all its discovery letters directly to Mr. Warrington and Mr. Columbo and mailing its discovery productions to their requested addresses.  This includes the Government's first discovery production on September 29, 2021, second discovery production on October 12, 2021, third discovery production on October 13, 2021, fourth discovery production on October 28, 2021, and fifth discovery production on December 14, 2021.  The Government has also requested that Mr. Warrington and Mr. Columbo produce any reciprocal discovery on behalf of the Defendant pursuant to Rules 16(b), 12.1, and 12.2 of the Federal Rules of Evidence.

On February 9, 2022, the Government again spoke on the telephone with Mr. Warrington and Mr. Columbo.  For the first time on this call, just three months before trial and after having represented the Defendant for over eight months, Mr. Warrington represented that he and Mr.

---

[2] The Federal Bureau of Investigation (FBI) executed this search pursuant to a search warrant signed by United States Magistrate Judge Colin H. Lindsay of the Western District of Kentucky.

Columbo would be withdrawing as counsel for the Defendant because Mr. Warrington was going to be a witness at trial.[3] Mr. Warrington noted, without any further explanation, that the Defendant planned to proceed with an advice of counsel defense.

On February 14, 2022, as Mr. Warrington and Mr. Columbo were still the attorneys-of-record on the docket and having not heard from new counsel, the Government abided by the Court's Order, dated October 5, 2021, and provided notice of its intent to use at trial evidence pursuant to Federal Rules of Evidence 902, 404(b), and 609. Ultimately, on February 15, 2022, the Defendant's new attorney-of-record, Mr. Bryan Stolarz, entered his notice of appearance on the docket and reached out to Government counsel to discuss this matter. On February 17, 2022, the Government spoke with Mr. Stolarz on the telephone. During that call, Mr. Stolarz informed Government counsel that the Defendant planned to move forward with an advice of counsel defense, request a status conference before this Court, and ask for a new trial date.

## ARGUMENT

As mentioned above, the indictment charges the Defendant with one count each of 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 1519 (causing false records); 52 U.S.C. § 30121 (electoral contributions by foreign nationals); and 52 U.S.C. § 30122 (electoral contributions in the name of another). All of these subsections require the Defendant to have acted either "knowingly" or "willfully." *See* 18 U.S.C. §§ 371, 1519, and 52 U.S.C. §§ 30121, 30122. A good faith reliance on advice of counsel may establish a defense to a specific intent crime. *United States v. DeFries*, 129 F.3d 1293, 1308 (D.C. Cir. 1997) (internal citations and quotations omitted); *see also United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005) ("The advice of counsel defense is only

---

[3] The Government notes that at the time of this filing, Mr. Warrington and Mr. Columbo have not withdrawn as attorneys-of-record.

applicable where it may negate willful violation of the law.").  However, to successfully raise such a defense, the defendant must show that the advice was "given on full disclosure of all the facts." *United States v. Curtis*, 769 F.3d 271, 276 (5th Cir. 2014).

A defendant therefore may assert an advice of counsel defense if he introduces evidence showing: "'(1) he made full disclosure of all material facts to his attorney before receiving the advice at issue,' and '(2) he relied in good faith on the counsel's advice that his course of conduct was legal.'"  *United States v. Gray-Burriss*, 920 F.3d 61, 66 (D.C. Cir. 2019) (quoting *DeFries*, 129 F.3d at 1309); *see also United States v. West*, 392 F.3d 450, 457 (D.C. Cir. 2004) ("A defendant may avail himself of an advice of counsel defense only where he makes a complete disclosure to counsel, seeks advice as to the legality of the contemplated action, is advised that the action is legal, and relies on that advice in good faith.").  To proceed with an advice of counsel defense, the defendant must make a prima facie showing that the evidence supports the defense. *See United States v. Westbrooks*, 780 F.3d 593, 597 (4th Cir. 2015); *United States v. Gonzales*, 58 F.3d 506, 512 (10th Cir.1995) (describing defendant's burden when asserting advice of counsel defense); *United States v. Howard*, 245 F. Supp. 2d 24, 40-41 (D.D.C. 2003) (denying defendant's motion for advice of counsel instruction because he "did not provide testimony that would support" instruction); *United States v. Gorski*, 36 F. Supp. 3d 256, 267 (D. Mass. 2014) ("A defendant has a burden of production to establish a prima facie defense of advice of counsel.").

Significantly, "if the defendant decides to raise an advice of counsel defense at trial, the attorney-client privilege and the work product privilege will be waived completely," and the defendant will have to produce all materials related to the defense that are subject to the defendant's Rule 16(b)(1)(A) reciprocal discovery obligations.  *United States v. Naegele*, 468 F. Supp. 2d 165, 174 n.8 (D.D.C. 2007); *see also United States v. White*, 887 F.2d 267, 270 (D.C.

Cir. 1989) (observing that reliance on an advice of counsel defense waives the attorney-client privilege); *In re Taxable Mun. Bond Sec. Litig.*, No. MDL 863, 1993 WL 323069, at *3 (E.D. La. Aug. 18, 1993) ("Where a party asserts reliance on advice of counsel as an essential element of his defense, that party waives the attorney-client privilege with respect to all communications, whether written or oral, to or from counsel concerning the transactions for which counsel's advice was sought."). This principle prevents a defendant from claiming reasonable reliance on a lawyer's advice, while at the same time withholding relevant attorney-client communications from the Government that may shed light on the validity of the defense. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.").

The Federal Rules of Criminal Procedure do not require advance notice of an advice of counsel defense. "There is, however, considerable case law to the effect that the Court has inherent authority to impose disclosure and notice requirements outside the Federal Rules of Criminal Procedure." *United States v. Mubayyid*, No. CRIM 05-40026-FDS, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007) (concluding that "under some circumstances," the court may require defendant to provide of notice of intent to rely on advice of counsel defense); *see also United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003) (ordering defendant to provide discovery related to advice of counsel defense two weeks before trial); *United States v. Hatfield*, No. 06-CR-0550 (JS), 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010) (granting motion requiring defendants to provide pretrial notice whether they intend to rely on advice of counsel defense and ordering defendants to disclose all documents related to defense). *But see United States v. Meredith*, No. 3:12-CR-143-S, 2014 WL 897373, at *2 (W.D. Ky. Mar. 6, 2014) (denying motion for pretrial disclosure and discovery); *United States v. Faulkner*, No. 3:09-CR-249-D, 2011 WL

976769, at *3 (N.D. Tex. Mar. 21, 2011) (same).  Ultimately, it is within the Court's discretion whether to admit evidence purporting to support an advice of counsel defense.  *Gray-Burriss*, 920 F.3d at 66 (quoting *DeFries*, 129 F.3d at 1309).  To decide whether such evidence is admissible, courts have found that an evidentiary hearing may be necessary.  *See United States v. Impastato*, 535 F. Supp. 2d 732, 741 (E.D. La. 2008) ("Should the Defendant seek to put forth the defense of reliance on the advice of counsel, the Court will require briefing on the issue of the availability of this defense prior to trial."); *United States v. Barreiro*, Order, No. 13-CR-00636-LHK-1, 2015 WL 10381741 (N.D. Cal. Dec. 2, 2015) (ordering defendants to proffer "anticipated advice of counsel defense testimony and exhibits" and an explanation about whether "the attorney-client privilege and work product doctrine are or are not implicated and waived" approximately seven weeks before trial).

An order here requiring the Defendant to provide reciprocal discovery related to his advice of counsel defense serves the interests of justice and is essential to ensure a fair and orderly trial. During the investigation and prosecution of the Defendant, the Government has taken extensive precautions to avoid exposing the prosecution team to potentially privileged attorney-client communications between the Defendant and various lawyers with whom he may have communicated during the scheme charged in the indictment.  For example, following the execution of the search warrant on the Defendant's residence, the Government emailed Mr. Warrington and conveyed its intention to safeguard any potentially privileged communications, and asked for the names, email addresses, and law firms of any individuals or companies that the Defendant would assert a legally recognized privileged relationship.  In response, Mr. Warrington provided a list, which included his own information, that the Government used to filter out potentially privileged communications.  On or about December 6, 2021, the Government's filter attorney produced all

potentially privileged communications to Mr. Warrington and Mr. Columbo.  The natural effect of such precautions has been an imbalance of information between the Defendant and the Government—an imbalance that was intentional on the part of the Government and entirely appropriate in the normal course.  But because an advice of counsel defense alters the legal landscape and requires highly fact-specific findings concerning the scope of the defense and any corresponding waiver of attorney-client privilege, pretrial consideration of this issue is now warranted by the Court.

Ordering such disclosure will alleviate the need for a delay during the trial for the Government to review discovery materials and prepare for such a defense.  It will also permit the Government to attempt to speak to the counsel knowing that the Defendant has waived the attorney-client and work product privileges by asserting the defense.  Moreover, pretrial disclosure of the facts and evidence associated with the purported defense will present the Court with an opportunity to make findings about the validity and scope of the proffered defense as necessary and before such an undertaking could unnecessarily disrupt a jury trial.

Wherefore, the United States respectfully requests that the Court grant its Motion and enter the attached order.

<div style="margin-left: 40%">

Respectfully submitted,

Corey R. Amundson
Chief
Public Integrity Section

By: _/s/ Rebecca G. Ross_ _____
Rebecca G. Ross
Michelle K. Parikh
Trial Attorneys
Public Integrity Section
Criminal Division
U.S. Department of Justice

</div>

Michelle L. Wasserman
Special Assistant United States Attorney
United States Attorney's Office for the
District of Columbia

## **CERTIFICATE OF SERVICE**

I hereby certify that this motion was filed by ECF on February 25, 2022, and thereby served on defense counsel.

/s/ Rebecca G. Ross
Trial Attorney